This is a suit by a landlord against a former tenant for $122, of which $5 is for rent and the remainder for damages to the leased premises. The defendant admitted that he owed the rent claimed, but denied that he owed any further sum.
There was judgment below maintaining the position of the defendant and awarding the plaintiff the sum of $5. Plaintiff has appealed.
The lease contains a provision requiring the lessee to restore the premises to the lessor in the same good order and condition in which it was received, but without such a clause the tenant's obligation in that respect would be no less.
The alleged damages to the leased premises consisted of a chipped and broken place on the enamel of the bathtub about the size of a silver dollar and scars and cuts on several window sills. In regard to the window sills the defendant admits that some damage was done (though he claims it to be negligible), in attempting to open the windows which had become stuck by reason of their being freshly painted. We recognize the difficulty which a tenant would experience in opening windows under the circumstances, but we do not believe that he is justified in using a chisel or some other lever, which was evidently done in this case. Before resorting to such force the landlord should have been called upon to open the windows. The sum necessary to repair the window sills, which is shown in the record to be $30, should have been allowed.
As to the bathtub, Otto Koerkel, the owner of the apartment, Victor T. Paxes and Mrs. Wilmer Orlando declared that it was undamaged prior to Coburn assuming possession of the premises and Coburn and his wife that the scar was there when they moved in, but it had been covered with paint somewhat similar in color to the white enamel of the bathtub. The trial court accepted the statement of Coburn and his wife and we see no reason to disagree with him. It is possible that the tub had been injured when installed, just before Coburn moved in, by some workman dropping one of his tools. The spot could have been covered with paint which might have deceived the landlord and his witnesses when they inspected the premises. At any rate this item of damage is not proven to our satisfaction. It is highly improbable that a tenant should have broken the enamel of a bathtub intentionally and very unusual if accidental.
For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff from $5 to $35, and as thus amended it is affirmed.
Amended and affirmed. *Page 347